**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
904 TOWER APARTMENT LLC and MADISON :
APARTMENT 905 LLC, :
                                                Plaintiffs, :
                                                       :   Case No. 10 cv 9701 (LLS)
                        v. :
                                                       :   **REPLY TO COUNTERCLAIM**
THE MARK HOTEL LLC, MARK HOTEL :
SPONSOR LLC, THE MARK HOTEL OWNERS :
CORP., ALEXICO GROUP, LTD., 205 EAST 45 :
LLC, SIMON ELIAS, IZAK SENBAHAR, and :
JOHN DOES 1-10 :
                                               Defendants. :
------------------------------------------------------------ x

      Plainiffs 904 Tower Apartment LLC and Madison 905 Apartment LLC, by and through their undersigned counsel, allege and aver in reply to Defendants' Answer and Counterclaim as follows:

      224.    Plaintiffs deny the allegations contained in paragraph 224 of the Defendants Answer and Counterclaim except admit that the Plaintiffs entered into Purchase Agreements and respectfully refer the Court to the Purchase Agreements for the language therein.

      225.    Plaintiffs deny the allegations contained in paragraph 225 of the Defendants' Answer and Counterclaim except admit that the Sponsor prematurely scheduled closing dates when the Sponsor was not ready willing and able to perform its obligations and for that reason, among others, Plaintiffs did not close when demanded by the Sponsor.

226. Plaintiffs admit that they applied to the Attorney General for a release of their downpayments and that the request was denied, but deny information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 226.

227. Plaintiffs admit the allegations contained in paragraph 227 of the Defendants' Answer and Counterclaim.

228. Plaintiffs deny the allegations contained in paragraph 228 of the Defendants' Answer and Counterclaim.

229. Plaintiffs deny the allegations contained in paragraph 229 of the Defendants' Answer and Counterclaim except admit that the Plaintiffs entered into Purchase Agreements and respectfully refer the Court to the Purchase Agreements for the language therein.

230. Plaintiffs deny the allegations contained in paragraph 230 of the Defendants' Answer and Counterclaim except admit that the Plaintiffs entered into Purchase Agreements and respectfully refer the Court to the Purchase Agreements for the language therein.

231. Plaintiffs deny the allegations contained in paragraph 231 of the Defendants' Answer and Counterclaim except admit that the Sponsor prematurely scheduled closing dates when the Sponsor was not ready willing and able to perform its obligations and for that reason, among others, Plaintiffs did not close when demanded by the Sponsor.

232. Plaintiffs admit that they commenced this action for the return of their downpayments and other alleged damages, but otherwise deny the allegations contained in paragraph 232.

233. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233 of the Defendants' Answer and Counterclaim.

234. Plaintiffs deny the allegations contained in paragraph 234 of the Defendants' Answer and Counterclaim.

235. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235 of the Defendants' Answer and Counterclaim.

236. Plaintiffs deny the allegations contained in paragraph 236 of the Defendants' Answer and Counterclaim.

237. Plaintiffs deny the allegations contained in paragraph 237 of the Defendants' Answer and Counterclaim.

238. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Sponsor's ability to close on two purchase agreements prior to May 1, 2009 and otherwise deny the allegations contained in paragraph 238 of the Defendants' Answer and Counterclaim.

239. Plaintiffs deny the allegations contained in paragraph 239 of the of the Defendants' Answer and Counterclaim.

240. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240 of the Defendants' Answer and Counterclaim.

241. Plaintiffs deny the allegations contained in paragraph 241 of the Defendants' Answer and Counterclaim.

242. Plaintiffs deny the allegations contained in paragraph 242 of the Defendants' Answer and Counterclaim.

243. Plaintiffs deny the allegations contained in paragraph 243 of the Defendants' Answer and Counterclaim.

244. Plaintiffs deny the allegations contained in paragraph 244 of the Defendants' Answer and Counterclaim.

245. Plaintiffs deny the allegations contained in paragraph 245 of the Defendants' Answer and Counterclaim.

246. Plaintiffs deny the Defendants are entitled to the relief they request and deny all other allegations by the Defendants' not previously specifically denied herein.

## AFFIRMATIVE DEFENSES

Plaintiffs allege and aver the following affirmative defenses without admitting or suggesting that they bear the burden of proof as to any of the following issues or defenses.

### First Affirmative Defense

247. Defendants fail in whole or in part to state a claim upon which relief can be requested.

### Second Affirmative Defense

248. Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

249. Defendants' claims are barred, in whole or in part, by the statute of limitations.

### Fourth Affirmative Defense

250. Defendants failed to satisfy conditions precedent to their claims, namely that they were ready willing and able to close or entitled to close on the closing dates scheduled by them.

### Fifth Affirmative Defense

251. Defendants' contract-based claims are barred because the contract was procured by Defendants' fraud and was caused by Defendants' frustration of Plaintiffs ability to perform.

1174919.2

DATED:   New York, New York
         May 29, 2012

**PHILLIPS NIZER LLP**

By: s/Carl D. LeSueur
    David A. Pellegrino
    Carl D. LeSueur
666 Fifth Avenue
New York, NY 10103
(212) 997-9700

*Attorneys for Plaintiffs 904 Tower Apartment LLC and Madison Apartment 905 LLC*

1174919.2